HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EARL TILLIS,

              Plaintiff,

v.

BOEING EMPLOYEE CREDIT UNION,

              Defendant.

CASE NO. C18-5512 RBL

ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

THIS MATTER is before the Court on Plaintiff Tillis's Motion for leave to *proceed in forma pauperis*, supported by his proposed complaint. Tillis seeks to sue BECU, he identifies an amount in controversy of $9950, and he references the interpleader statute. But he has alleged no facts surrounding the dispute— the "who what when where and why" of a plausible claim, over which this court has jurisdiction.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in*

*forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

Tillis has not met this standard. He cites the interpleader statute, but does not otherwise attempt to state a claim. His motion for leave to proceed IFP is therefore DENIED. Tillis must pay the filing fee or file a proposed amended complaint within 21 days or this matter will be

1 dismissed. The complaint should identify the parties and the claim or dispute he is asking the
2 court to resolve, consistent with this Order.

IT IS SO ORDERED.

Dated this 28th day of June, 2018.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge